UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS EDUARDO PORRAS, <br>     Appellant, <br> v. <br> KIT PARKER, et al., <br>     Appellees. | Case No. 5:18-cv-00344-EJD <br><br> **ORDER AFFIRMING BANKRUPTCY COURT ORDER** |

## I. INTRODUCTION

Carlos Eduardo Porras ("Porras"), appeals pro se from the bankruptcy court's November 7, 2017 order denying Porras' motion for sanctions. For the reasons set forth below, the bankruptcy court's November 7, 2017 order is AFFIRMED.

## II. BACKGROUND

In October of 2015 Porras filed a voluntary petition for bankruptcy under chapter 13 in order to preserve his art gallery and frame shop. Porras listed the landlords for the frame shop, Kit Parker and Donna Parker ("Parkers"), as unsecured creditors. Porras fell behind in his rent payments. In November of 2015, the Parkers locked the frame shop and denied Porras access.

In January of 2016 Porras filed a motion for sanctions against the Parkers for violating the automatic stay. A month later the Parkers filed a motion for relief from the automatic stay ("Motion for Relief from Stay"). On March 3, 2016, the bankruptcy court issued an Order Granting Limited Relief From Stay, which authorized the Parkers to re-rent the frame shop premises. The bankruptcy court also found that the Parkers were entitled to rent from Porras for November 1, 2015 through November 26, 2015 without specifying the amount owed, and deferred

Case No.: 5:18-cv-00344-EJD
ORDER AFFIRMING BANKRUPTCY COURT ORDER
1

ruling on the Parkers' request for rent for February 4, 2016 through March 2, 2016. As to Porras' motion, on March 25, 2016, the bankruptcy court issued an Order Awarding Sanctions Against Creditors Kit Parker and Donna Parker aka The Parker Family Trust. The bankruptcy court awarded Porras $5,200.

On March 29, 2016, the Parkers' attorney, James Lauderdale ("Lauderdale"), filed a Request to Restore Motion For Relief From Automatic Stay To Calendar To Resolve Remaining Issues ("Request to Restore"). Specifically, the Parkers asked the bankruptcy court to determine whether they could offset the post-petition rent award against the $5,200 sanction. On April 1, 2016, the bankruptcy court granted the Request to Restore and calendared the Parkers' underlying Motion For Relief From Stay for hearing on April 6, 2016.

On April 5, 2016, Porras filed a notice of voluntary conversion from chapter 13 to chapter 7. The bankruptcy court proceeded with the hearing on April 6, 2016, and issued a Final Order on Motion for Relief From Stay the next day. The bankruptcy court awarded the Parkers $1,040 for rent for the period November 1, 2016 to November 26, 2016, another $1,040 for rent for the period February 5, 2016 to March 2, 2016, and attorneys' fees and costs. The bankruptcy court also authorized the Parkers and Lauderdale to apply the rent that was awarded as an offset against the $5,200 owed to Porras as sanctions.

In December of 2016, Porras filed an adversary asserting his entitlement to the $5,200 sanction award without any offset. See Adversary Proceeding No. 16-05090. Before the case proceeded to trial, however, Lauderdale paid Porras the funds demanded in the complaint. The bankruptcy court declared the matter fully resolved and dismissed the adversary proceeding.

In October of 2017, Porras filed another motion for sanctions. In that motion, Porras contended that an automatic stay went into effect the moment he converted his bankruptcy to chapter 13 on April 5, 2016, and that the Parkers and Lauderdale violated the stay by appearing and participating in the April 6, 2016 hearing. On November 7, 2017, the bankruptcy court issued an Order Denying Motion for Sanctions ("Order"). The bankruptcy court held that Porras was precluded from litigating the alleged violation of the automatic stay because the issue had

Case No.: 5:18-cv-00344-EJD
ORDER AFFIRMING BANKRUPTCY COURT ORDER
2

previously been litigated and decided on April 7, 2016, as well as "tangentially litigated" in the adversary proceedings. See Dkt. No. 319.

On November 17, 2017, Porras filed a motion for a new trial seeking to vacate the Order. On December 29, 2017, the bankruptcy court denied the motion for a new trial, holding again that Porras was precluded from litigating the alleged stay violation because although Porras' claim was based upon a new legal theory, the claim arose out of the same transactional nucleus of facts that were fully litigated and resolved in the adversary proceeding. The bankruptcy court took no position as to the legitimacy of Porras' claim that the Parkers and Lauderdale violated the stay by appearing and participating in the hearing on April 6, 2016.

## III. DISCUSSION

The bankruptcy court's conclusions of law are subject to *de novo* review. See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 783 (9th Cir. 2007). The elements of claim preclusion are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity. The doctrine of claim preclusion extends beyond identical claims to bar the litigation of claims arising out of the same nucleus of operative facts as claims previously litigated. Id. at 1078; Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (res judicata bars claims arising out of the same "transactional nucleus of facts" which "could have been asserted, whether they were or not").

The bankruptcy court correctly held that the issues raised in Porras' motion for sanctions were fully litigated by the same parties in the adversary proceeding. In the adversary proceeding, Porras sought to recover the $5,200 sanction award without any offset. On the eve of trial, Lauderdale filed a statement informing the bankruptcy court that he had elected to pay the full amount demanded rather than proceed with trial. The bankruptcy court declared the matter fully resolved and dismissed the case. See Dkt. No. 40 filed August 8, 2017. The identity of claims requirement is satisfied because the motion for sanctions arose out of the same transactional nucleus of facts raised in the adversary proceeding. See Tahoe-Sierra Pres. Council, Inc., 322 F.3d at1078; Costantini, 681 F.2d at 1201-02.

Case No.: 5:18-cv-00344-EJD
ORDER AFFIRMING BANKRUPTCY COURT ORDER
3

## IV. CONCLUSION

The decision of the bankruptcy court is AFFIRMED.

**IT IS SO ORDERED.**

Dated: August 24, 2018

EDWARD J. DAVILA
United States District Judge